# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTONIO JAVIER MORALES,<br>Plaintiff<br><br>v.<br><br>CITY OF PHILADELPHIA, *et al.*,<br>Defendants | CIVIL ACTION NO. 15-1318 |

## MEMORANDUM OPINION

Rufe, J.                                                                                        June 11, 2015

Plaintiff alleges he was falsely arrested by an unidentified police officer of the City of Philadelphia on July 22, 2014, remained in police custody for twenty hours, and then was falsely imprisoned by an unidentified correctional officer of the City for approximately two weeks. He sued the police officer, the correctional officer, and also brought municipal liability claims against the City under § 1983 and *Monell* for a deficient policy or custom and for a failure to train. The City has filed a Motion to Dismiss the claims asserted against it.

### I. BACKGROUND

The Complaint alleges that Plaintiff has a twin brother who shares the same first and last name, but not the same middle name. At the time of Plaintiff's arrest, there was an open warrant for his twin brother, but not for him. Despite having different fingerprints than his twin brother and being fingerprinted by the police officer, Plaintiff was not released from custody for approximately two weeks.

### II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain

statement"[1] lacks enough substance to show that he is entitled to relief.[2] In determining whether a motion to dismiss should be granted, the Court must consider only those facts alleged in the complaint, accepting all allegations as true and drawing all reasonable inferences in favor of the plaintiff.[3] Courts are not, however, bound to accept as true legal conclusions couched as factual allegations.[4] Something more than a mere possibility of a claim must be alleged; plaintiff must allege "enough facts to state a claim to relief that is *plausible* on its face."[5] The complaint must set forth "direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory,"[6] but a "formulaic recitation"[7] of the elements is insufficient. The Court has no duty to "conjure up unpleaded facts that might turn a frivolous ... action into a substantial one."[8]

## III. DISCUSSION

### A. Deficient Policy or Custom Claim

To hold a municipality liable under *Monell*, Plaintiff must allege facts supporting the inference that there exists a policy or custom[9] that when executed or implemented resulted in a violation of § 1983.[10] This requires Plaintiff to "(1) identify a policy or custom that deprived [him] of a federally protected right; (2) [demonstrate] that the municipality, by its deliberate

---

[1] Fed. R. Civ. P. 8.
[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).
[3] *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994); *Fay v. Muhlenberg Coll.*, No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).
[4] *Twombly*, 550 U.S. at 555, 564.
[5] *Id.* at 570 (emphasis added); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[6] *Twombly*, 550 U.S. at 562 (emphasis in original) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).
[7] *Id.* at 545, 555.
[8] *Id.* at 562 (quoting *McGregor v. Indus. Excess Landfill, Inc.*, 856 F.2d 39, 42-43 (6th Cir. 1988)).
[9] *Mulholland v. Cnty. of Berks*, 706 F.3d 227, 237 (3d Cir. 2013) (citations omitted) (a policy is "an official proclamation, policy, or edict" and a custom is a "permanent and well-settled" practice).
[10] *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

conduct, acted as the moving force behind the alleged deprivation; and (3) establish a direct causal link between the policy or custom and [his] injury."[11]

Here, Plaintiff makes no factual allegations that "'identify a custom or policy, and specify what exactly that custom or policy was.'"[12] Plaintiff merely alleges that the City has deficient "policies, practices, and/or customs" with regard to ensuring individuals with the same name are not falsely arrested or imprisoned. However, Plaintiff does not allege that the warrant had or should have had his twin brother's full name, that Plaintiff's identification had his full name, or that the twin brother's fingerprints were in Defendant's system for comparison. The allegations are too vague and conclusory to allow a reasonable inference of a deficient policy or custom under the circumstances of this case.[13]

Nor does Plaintiff identify a responsible municipal policymaker or link the conduct of that policymaker to an alleged deficient policy or custom.[14] Also, because a specific policy or custom has not been alleged by Plaintiff, there are no facts allowing a reasonable inference of an "affirmative link" or "plausible nexus" between an alleged deficient policy or custom and his injuries.[15] Although the Court recognizes that some evidence can only be developed through discovery, Plaintiff must meet his pleading responsibilities, and has not done so here.[16]

---

[11] *Torres v. City of Allentown*, No. 07-0934, 2008 WL 2600314, at * 4 (E.D. Pa. Oct. 31, 2013) (internal quotation marks omitted) (citing *Bd. of the Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997)).
[12] *Williams v. Borough of Sharon Hill*, No. 12-5395, 2013 WL 4743471, at *4 (E.D. Pa. Sept. 4, 2013) (holding that plaintiff, who had the same last name as the individual on the police's subpoena and was arrested and detained for 10 days, failed to allege facts of a deficient policy or custom) (quoting *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009)).
[13] *See Wood v. Williams*, 568 F. App'x 100, 104 (3d Cir. 2013) (holding that allegations that simply paraphrase § 1983 or make conclusory and general claims are insufficient to survive a motion to dismiss).
[14] *See McTernan*, 564 F.3d at 658 (affirming dismissal of a *Monell* claim that failed "to allege conduct by a municipal decisionmaker"); *Rees v. Office of Children & Youth*, 473 F. App'x 139, 143 (3d Cir. 2012) (complaint failed "to link the alleged offending policies or customs" to someone with municipal policy-making authority).
[15] *Dawson v. Cnty. of Delaware*, No. 13-5413, 2014 WL 2153961, at *2 (E.D. Pa. May 22, 2014) (citing *Bielevicz v. Dubinon*, 915 F.2d 845, 850-51 (3d. Cir. 1990)).
[16] *See Santiago v. Warminster Twp.*, 629 F.3d 121, 134 (3d Cir. 2010).

3

## B. Failure to Train Claim

Plaintiff can also plead a *Monell* claim by showing that the City's failure to train its employees reflects "deliberate indifference to constitutional rights."[17] Generally, failure-to-train claims require pleading facts suggesting a "pattern of similar constitutional violations,"[18] although there may be rare instances where a single incident is enough to find municipal liability.[19] It is insufficient to "merely allege[] that a single injury could have been avoided if an employee had had better or more training."[20] Instead, Plaintiff must show that "the unconstitutional consequences of failing to train [are] patently obvious"[21] or "highly predictable."[22]

Plaintiff has not pleaded facts that support an inference of a pattern of similar violations or an "obvious" failure to train. Instead, Plaintiff merely alleges Defendant has "failed to properly train" employees how to verify an individual's identification. Here, where the mistaken identity arose from twin brothers sharing first and last names and a birth date, such vague and conclusory allegations do not allow the Court to infer a clear failure in Defendant's training or the systems Defendant's employees were trained to use.[23]

---

[17] *Wood*, 568 F. App'x at 105 (internal quotations marks omitted); *Torres*, 2008 WL 2600314 at *5; *see also Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011) (holding this is the most "tenuous" type of municipal liability, and thus the plaintiff's burden is high).
[18] *Connick*, 131 S. Ct. at 1360; *see also Sharon Hill*, WL 4743471 at *4 (requiring plaintiff to plead such facts).
[19] *Connick*, 131 S. Ct. at 1361; *see also City of Canton v. Harris*, 489 U.S. 378, 390 n. 10 (1989) (hypothesizing liability for "arming police officers without training them"); *Bryan Cnty. v. Brown*, 520 U.S. 397, 409 (1997) (hypothesizing liability for the failure to equip police officers with "specific tools to handle recurring situations").
[20] *Kane v. Chester Cnty. Dep't of Children, Youth & Families*, 10 F. Supp. 3d 671, 689 (E.D. Pa. 2014) (quoting *Connick*, 131 S. Ct. at 1363-65) (internal quotation marks omitted).
[21] *Connick*, 131 S. Ct. at 1361.
[22] *Id.*
[23] *See Cornish v. City of Phila.*, No. 14-6920, 2015 WL 3387052, at *6. (E.D. Pa. May 26, 2015); *see also Berg v. Cnty. of Allegheny*, 219 F.3d 261, 276-77 (3d Cir. 2000) (holding the implementation of a computer system without proper safeguards could potentially rise to the level of being an "obvious risk").

4

## IV. CONCLUSION

Plaintiff's *Monell* claims against the City will be dismissed without prejudice and leave will be granted to file an amended complaint. An appropriate Order follows.