# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTONIO JAVIER MORALES, <br> Plaintiff | : <br> : <br> : |
| v. | :     CIVIL ACTION NO. 15-1318 <br> : |
| CITY OF PHILADELPHIA, *et al.*, <br> Defendants | : <br> : <br> : |

## MEMORANDUM OPINION

Rufe, J.                                                                                                January 7, 2016

Plaintiff alleges that, on July 22, 2014, he was arrested by two unidentified police officers of the City of Philadelphia, on the basis of an open warrant for his twin brother. Plaintiff and his twin brother share a first and last name, but have different middle initials. Plaintiff alleges that he remained in police custody at the 25th District Police Station for twenty hours, and then was falsely imprisoned by an unidentified correctional officer in the Curran Fromhold Correctional Facility for approximately two weeks, despite his complaints about misidentification. He has sued the police officers and the correctional officer without yet identifying them by name, and has brought municipal liability claims against the City under § 1983 and *Monell*, alleging a deficient policy or custom and deficient training. The City has filed a Motion to Dismiss the claims asserted against it.

I.     **ALLEGATIONS IN THE AMENDED COMPLAINT**

The Amended Complaint alleges that, at the time of Plaintiff's arrest, there was an open warrant for his twin brother, with whom he shares a first and last name. Plaintiff alleges that he was arrested, booked, and falsely imprisoned for two weeks because the City failed to adopt a policy requiring employees to confirm a suspect's identity using fingerprints, either routinely or

when an identification was plausibly challenged. Plaintiff further alleged that the City failed to train its agents to properly identify individuals during the intake process.

Plaintiff alleges that his twin brother's fingerprints had been taken by the Philadelphia police, as he had been arrested numerous times from 1996 to 1998, and therefore his fingerprint card should have been stored in the Pennsylvania State Police Central Repository, as required by state law.

Plaintiff identifies Policy No. 4.A.2, "Procedures for Admitting Prisoners into the Philadelphia Prison System" as the deficient policy at issue in this case. This policy requires intake personnel to check the suspect's date of birth, addresses, social security number(s), available photo identification, booking number, and any other available sources to positively identify the arrested individual. Plaintiff's Amended Complaint acknowledges that both his driver's license number and his social security number are different from his brother's. However, Plaintiff challenges the fact that Policy No. 4.A.2 does not require the intake officer to confirm identity using fingerprints, even if fingerprints are on record and the identification is credibly challenged. Plaintiff also alleges that, other than Policy No. 4.A.2, the city has no policy or procedures to govern a situation in which an inmate credibly challenges an identification.

Counts I and III of the Amended Complaint assert claims against as-yet unidentified and unserved John Doe defendants for unconstitutional seizure, false arrest, and false imprisonment. Count II asserts a claim against the City for municipal liability pursuant to § 1983 and *Monell*, alleging that the City has insufficient policies, practices and customs to verify a suspect's identity prior to arrest on an open warrant, that it failed to properly train officers on how to verify the identity of a suspect, that its policies are insufficient to ensure that individuals with the same name are given personal identifiers in all criminal records and warrants to prevent false arrests,

that the prison system has insufficient policies to confirm an inmate's identity prior to admission, that the admission policy does not direct officers to use fingerprints to identify arrested individuals, that the city failed to train employees to verify the identification of a citizen using fingerprints, and that the city does not have a sufficient grievance procedure allowing inmates to challenge a misidentification via a fingerprint check. The City has moved to dismiss Count II of the Amended Complaint.

## II.  STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement"[1] lacks enough substance to show that he is entitled to relief.[2] In determining whether a motion to dismiss should be granted, the Court must consider only those facts alleged in the complaint, accepting all allegations as true and drawing all reasonable inferences in favor of the plaintiff.[3] Courts are not, however, bound to accept as true legal conclusions couched as factual allegations.[4] Something more than a mere possibility of a claim must be alleged; plaintiff must allege "enough facts to state a claim to relief that is *plausible* on its face."[5] The complaint must set forth "direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory,"[6] but a "formulaic recitation"[7] of the elements is

---

[1] Fed. R. Civ. P. 8.

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

[3] *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994); *Fay v. Muhlenberg Coll.*, No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

[4] *Twombly*, 550 U.S. at 555, 564.

[5] *Id.* at 570 (emphasis added); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[6] *Twombly*, 550 U.S. at 562 (emphasis in original) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

[7] *Id.* at 545, 555.

insufficient. The Court has no duty to "conjure up unpleaded facts that might turn a frivolous … action into a substantial one."[8]

## III. DISCUSSION

### A. Res Judicata

Defendant argues that the claims against the City in Plaintiff's Amended Complaint are barred by the doctrine of *res judicata*, because the Court previously dismissed the *Monell* claims set forth in the initial Complaint, and Plaintiff failed to amend within the time permitted for amendment. However, this Court subsequently granted Plaintiff leave to file the Amended Complaint after the previously imposed deadline. Therefore, there is no basis for barring the claims.

### B. Failure to State a Claim

#### 1. Deficient Policy or Custom Claim

To hold a municipality liable under *Monell*, Plaintiff must allege facts supporting the inference that there exists a municipal policy or custom[9] that when executed or implemented resulted in a violation of § 1983.[10] This requires Plaintiff to "(1) identify a policy or custom that deprived [him] of a federally protected right, (2) demonstrate that the municipality, by its deliberate conduct, acted as the 'moving force' behind the alleged deprivation, and (3) establish a direct causal link between the policy or custom and the plaintiff's injury."[11]

Plaintiff alleges that the City's deficient policies for verifying identity using fingerprints deprived him of a federally protected right at three discrete points in time: 1) at the time of his

---

[8] *Id.* at 562 (quoting *McGregor v. Indus. Excess Landfill, Inc.*, 856 F.2d 39, 42-43 (6th Cir. 1988)).

[9] *Mulholland v. Cnty. of Berks*, 706 F.3d 227, 237 (3d Cir. 2013) (citations omitted) (a policy is "an official proclamation, policy, or edict" and a custom is a "permanent and well-settled" practice).

[10] *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

[11] *Torres v. City of Allentown*, No. 07-0934, 2008 WL 2600314, at * 4 (E.D. Pa. Oct. 31, 2013) (internal quotation marks omitted) (citing *Bd. of the Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997)).

arrest on an open warrant for his twin brother; 2) at the time of his intake at the police department; and 3) at the time of his intake as an inmate in the correctional facility. With regard to the latter two points in time, he specifically challenges the absence of a policy requiring the use of fingerprints to confirm identity, and the absence of a grievance procedure allowing inmates to challenge a misidentification via a fingerprint check.

a. *Failure to state a <u>Monell</u> claim for False Arrest*

To hold the City liable for his false arrest, pursuant to *Monell*, Plaintiff must allege facts supporting an inference that there is a policy or custom of the City that caused a person acting under color of state law to deprive him of a federal right.[12] With regard to the allegation that he was wrongfully arrested because of a deficient City policy, Plaintiff must first allege facts from which the Court can plausibly infer that the arrest itself was unlawful, and then assert facts allowing a reasonable inference of an "affirmative link" or "plausible nexus" between an alleged deficient policy or custom and the alleged unconstitutional act.[13]

Here, Plaintiff was subject to a seizure (arrest), as defined by the Fourth Amendment. However, it does not appear that the seizure violated the Fourth Amendment prohibition against *unreasonable* seizures, because, as alleged in the Amended Complaint, the arresting officer checked Plaintiff's driver's license prior to his arrest, and Plaintiff's first and last name (and presumably his birthdate) matched those of the twin brother for whom there was an open arrest warrant. Plaintiff does not challenge the validity of the warrant for his twin brother's arrest. Police officers acting pursuant to a facially valid warrant generally are presumed to have probable cause to arrest, and generally are not required to investigate a suspect's claim of

---

[12] *Groman v. Township of Manalapan*, 47 F.3d 628, 633, 637 (3d Cir. 1995).

[13] *Dawson v. Cnty. of Delaware*, No. 13-5413, 2014 WL 2153961, at *2 (E.D. Pa. May 22, 2014) (citing *Bielevicz v. Dubinon*, 915 F.2d 845, 850-51 (3d. Cir. 1990)).

5

innocence or mistaken identity prior to the arrest.[14] Plaintiff fails to allege that any exception applies in this case. Accordingly, Plaintiff has failed to plead a Fourth Amendment violation at the time of his arrest. Of course, in the absence of allegations supporting an underlying violation of his rights, Plaintiff cannot assert a *Monell* claim against the city. Moreover, he does not identify any deficient custom or policy applicable to the circumstances.

        b.        *Failure to State a <u>Monell</u> Claim for Unlawful Imprisonment*

With regard to his intake and incarceration, Plaintiff does point to a particular policy he claims is deficient: Policy No. 4.A.2. He alleges that the policy is deficient in that: 1) it fails to require City employees to verify the identity of suspects using fingerprints; and 2) it does not contain a procedure for challenging a misidentification.

The Court can readily discard the first argument, because the relevant policy requires City employees to examine past and current addresses, photo identification, social security numbers, and other sources of information to confirm identity, not just names and birthdates, and Plaintiff asserts no facts from which the Court can infer that this policy, if properly applied, would foreseeably result in misidentification. Rather, the allegations suggest that had the policy been followed, the City could have discovered that the open warrant was for Plaintiff's twin brother, because the two did not share a social security number or driver's license number. Plaintiff puts forth no facts from which the Court can infer that a policy which requires fingerprint verification of identity is necessary to prevent false imprisonment, even in the unusual circumstances presented in this case. Thus the Court cannot infer that the existing policy's failure to require fingerprint verification of identity exhibits the City's deliberate indifference to the risk of misidentifications and wrongful imprisonment.

---

[14] *Berg v. County of Allegheny*, 219 F.3d 261, 272-73 (3d Cir. 2000) (citing *Baker*, 443 U.S. at 145-46); *Garcia v. County of Bucks*, 155 F. Supp. 2d 259, 265 (E. D. Pa. 2001).

With regard to the absence of a grievance policy requiring City employees to "immediately conduct a fingerprint check when a misidentification claim is made,"[15] the Court cannot infer from the facts alleged that the proposed requirement is a necessary supplement to the existing identification policy. As noted above, the misidentification and two-week incarceration Plaintiff suffered could have been avoided if the existing policy had been followed as written. Thus, the Court cannot find that the current policy is deficient or that the absence of the proposed grievance policy exhibits deliberate indifference to the risk of misidentifications and wrongful imprisonment.

2. Failure to Train Claim

One can also establish a *Monell* municipal liability claim by showing that the municipality failed to properly train its employees, and that the failure to train reflected "deliberate indifference to constitutional rights."[16] Generally, failure-to-train claims require pleading facts suggesting a "pattern of similar constitutional violations,"[17] although there may be rare instances where a single incident is enough to find municipal liability.[18] It is insufficient to "merely allege that a single injury could have been avoided if an employee had had better or

---

[15] See Plaintiff's brief in response to the Motion to Dismiss, Doc. No. 19 at 8.

[16] *Wood v. Williams*, 568 F. App'x 100, 105 (3d Cir. 2014) (internal quotations marks omitted); *see also, Torres v. City of Allentown*, No. 07-1934, 2008 WL 2600314 at *5 (E.D. Pa. June 30, 2008); *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011) (holding this is the most "tenuous" type of municipal liability, and thus the plaintiff's burden is high).

[17] *Connick*, 131 S. Ct. at 1360; *see also Sharon Hill*, 2013 WL 4743471 at *4 (requiring plaintiff to plead such facts).

[18] *Connick*, 131 S. Ct. at 1361; *City of Canton v. Harris*, 489 U.S. 378, 390 n. 10 (1989) (hypothesizing liability for "arming police officers without training them"); *Bryan Cnty. v. Brown*, 520 U.S. 397, 409 (1997) (hypothesizing liability for the failure to equip police officers with "specific tools to handle recurring situations").

7

more training."[19] Instead, Plaintiff must show that "the unconstitutional consequences of failing to train [are] patently obvious"[20] or "highly predictable"[21] to the municipality.

Here, Plaintiff asserts generally that the City has failed to properly train its employees in how to verify the identity of a suspect subject to arrest and imprisonment, and specifically that the City has failed to train its employees to use fingerprints to verify the identity of arrested citizens.

Beginning with the general allegation, Plaintiff has not pleaded facts that support an inference of a pattern of similar violations or an "obvious" failure to train employees regarding the requirements of Policy No. 4.A.2. Here, the mistaken identity arose from twin brothers sharing first and last names and a birth date. However, merely alleging that a City employee failed to implement an existing policy, particularly in such unusual circumstances, does not support an inference that the City was on notice of a patently obvious need for additional training on Policy No. 4.A.2 to avoid constitutional injury.[22]

With regard to the specific allegation that Defendant failed to "train its intake officers to utilize fingerprints as a means of identification,"[23] Plaintiff has not alleged facts from which the Court can infer that such training was obviously necessary to avoid constitutional injury. In fact, as noted above, from the facts alleged, the Court can reasonably infer that the existing policy and procedures, if properly implemented, would have been sufficient to prevent the injury to Plaintiff.

---

[19] *Kane v. Chester Cnty. Dep't of Children, Youth & Families*, 10 F. Supp. 3d 671, 689 (E.D. Pa. 2014) (quoting *Connick*, 131 S. Ct. at 1363-65) (internal quotation marks omitted).

[20] *Connick*, 131 S. Ct. at 1361.

[21] *Id.*

[22] *See Cornish v. City of Phila.*, No. 14-6920, 2015 WL 3387052, at *6 (E.D. Pa. May 26, 2015); *cf, Berg v. Cnty. of Allegheny*, 219 F.3d 261, 276-77 (3d Cir. 2000) (holding the implementation of a computer system without proper safeguards could potentially rise to the level of being an "obvious risk").

[23] Am. Compl. at ¶ 72.

I. **CONCLUSION**

The Court previously dismissed Plaintiff's *Monell* claims against the City, as asserted in Plaintiff's initial Complaint, but granted leave to amend. Despite amending the complaint to add additional factual allegations, Plaintiff has again failed to successfully assert a *Monell* claim. Given the facts he has alleged (specifically, the existence of a policy capable of distinguishing individuals who share a name and birthdate, without comparison of fingerprints, if properly applied), the Court finds that additional amendment would almost certainly be futile. Accordingly, Plaintiff's claims against the City (Count II) will be dismissed with prejudice. An appropriate Order follows.